JAMES R. BAYLEY, Respondent, *v.* MARGARET A. McCOY, Administratrix, etc., Appellant.

Estoppel—Deed, Recitals, Admissions, or Covenants in.—Where it distinctly appears in a deed of conveyance of real estate, either by a recital, an admission, a covenant, or otherwise, that the parties actually intended to convey and receive reciprocally a certain estate, they will be estopped from denying the operation of the deed according to this intent.

Appeal from Benton County. The facts are stated in the opinion.

*F. A. Chenoweth and F. M. Johnson*, for appellant.

*John Burnett and John Kelsay*, for respondent.

By the Court, PRIM, J.:

This was an action to recover damages for an alleged breach of certain covenants in a deed. On May 23, 1870, John H. Kendall and wife, for a valuable consideration, sold a certain lot in the town of Corvallis, Benton county, Oregon, to James R. Bayley, and then and there made, executed, and delivered to him their deed for the same, as follows: "That the party of the first part, for and in consideration of the sum of eight hundred dollars to them in hand paid, * * * have bargained, sold, and conveyed, unto the said party of the second part, the following described premises, to wit: All of their right, title, and interest in and to lot number one in block number eleven, in the city of Corvallis, Benton county, and state of Oregon, to have and to hold the said premises, with their appurtenances, unto the said James R. Bayley, his heirs and assigns forever. And the said John H. Kendall does hereby covenant to and with the said James R. Bayley, his heirs and assigns, that I am the owner in fee simple of said premises; that they are free from all incumbrances, and that I will warrant and defend the same from all lawful claims whatsoever." That at the time when said deed was made, the said Kendall was not the owner of any portion of said lot except the south half thereof, and neither he nor his heirs have warranted or defended the said premises to the said Bayley, but on the contrary, at the time when said deed was made and delivered to him, the north half of said lot was seised and possessed by the Corvallis Lodge, No. 14, Ancient Free and Accepted Masons, of Benton county, Oregon, by virtue of an older and better title. Said Kendall having died prior to the commencement of this action intestate, it was brought against appellant as the administratrix of his estate.

The answer of appellant, after denying certain allegations of the complaint, sets up as a separate defense: That at the time when said Kendall made the deed mentioned in the complaint in this cause, he did not sell or convey to the respondent all of said lot number one in block number eleven, but that he sold only the right, title, and interest he then had in said lot, which was the south half of said lot;

that at the time of making said deed, the said Kendall was the owner in fee simple of the south half of said lot. That said south half was all that said Kendall attempted to convey to respondent by said deed, and was all that had been bargained for by him at the time, and was all that said covenant of title related to, and was so understood at the time of said purchase. A demurrer was interposed to this part of the answer, which was sustained by the court, and judgment rendered against the appellant, from which he appeals. The order and judgment of the court sustaining the demurrer to this portion of the answer, is the principal and main ground of error complained of here.

It was claimed on the argument, that the deed only purports to convey such right, title, and interest as the grantor then had in said lot one, and no more, and the covenants, although more general, should be held to have reference only to such right and title as the grantor then had in said lot, whatever that might be. This doctrine appears to be maintained by the decisions of Massachusetts and one or two other states; but the modern decisions of the most of the state courts, and of the supreme court of the United States, maintain a contrary doctrine. They hold that "whatever may be the form or nature of the conveyance used to pass real property, if the grantor sets forth on the face of the instrument by way of recital or averment, that he is seised or possessed of a particular estate in the premises, and which estate the deed purports to convey; or what is the same thing, if the seisin or possession of a particular estate is affirmed in the deed, either in express terms or by necessary implication, the grantor and all persons in privity with him shall be estopped from ever afterwards denying that he was so seised and possessed at the time he made the conveyance." (*Van Rensselaer* v. *Kearney*, 11 How. 325; *Fairbanks* v. *Williamson*, 7 Greenl. 96; *Jackson ex dem. Munroe* v. *Parkhurst*, 9 Wend. 209.) In *Taggart* v. *Risley*, 4 Or. 235, this court adopted that doctrine, and that case we think is decisive of this one.

Mr. Rawle, in his work on covenants, in commenting on this subject, says: "When, however, it has distinctly ap-

peared in such conveyance, either by a recital, an admission, a covenant, or otherwise, that the parties actually intended to convey and receive reciprocally a certain estate, they have been held to be estopped from denying the operation of the deed, according to this intent." (Rawle on Covenants, 388; *Jackson* v. *Waldron*, 8 Wend. 178.) By reference to the deed, it will be seen that Kendall and wife "bargained, sold, and conveyed * * * the following described premises, to wit: All their right, title, and interest in and to lot number one in block number eleven." And there it is asserted by way of covenant, "that he was owner in fee simple of said premises, and that he would warrant and defend the same from any lawful claims whatsoever." The word "premises" evidently refers to the whole of lot number one, described in the deed, and not to one half of it, as is contended by the appellant. We think that the appellant is estopped by the recitals and covenants of this deed from averring and proving the matters sought to be set forth in the answer as a defense to this action.

There being no error in the record, the judgment of the court below is affirmed.

Mr. Chief Justice KELLY, dissenting:

I do not concur in the opinion of the court, and will briefly give the reasons for my dissent. It is conceded that the deed of J. H. Kendall and wife to J. R. Bayley conveyed to the latter only the right, title, and interest which they had in lot one in block eleven, and not the lot itself; but the court holds that the covenant of Kendall and wife that they were the owners in fee simple of the premises, is a covenant that they were the owners of the entire lot. I do not so understand it. The deed conveyed only the interest which the grantors then had in the lot. The *habendum* limits the estate then granted to the interest which they then had in the premises, and the warranty is that they were the owners of the premises. I do not consider that the word premises, as here expressed, means the entire lot, but only the interest which the grantors then sold. If they had covenanted that they were the owners of lot number one, then there

would have been no doubt of their liability in this action. I think this position is supported by the decision of the supreme court of Massachusetts in the case of *Sumner* v. *Williams*, 8 Mass. 162, and is not in conflict with the case of *Taggart* v. *Risley*, decided by this court in 4 Or. 235.